# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:24-CV-679-KDB-DCK

| | |
|---|---|
| BENJAMIN SIKES, | ) |
| Plaintiff, | ) **ORDER** |
| v. | ) |
| SREE HOTELS, LLC, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 6) filed September 6, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will direct that the pending motion to dismiss be <u>denied</u> as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1).

## DISCUSSION

Plaintiff timely filed a "First Amended Class Action Complaint" (Document No. 17) on September 27, 2024, which supersedes the original Complaint. The undersigned will, therefore,

direct that "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 6) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendant contends the Amended Complaint is deficient, this Order is without prejudice to Defendant filing a renewed motion to dismiss the Amended Complaint.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 6) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: September 27, 2024

David C. Keesler
United States Magistrate Judge